UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CARMEN JOHN PERRI

Plaintiff(s),

v.

FANTASTIC CAFE STUDEBAKER, INC. , et al.

Defendant(s).

CASE NO:
2:19−cv−07597−DSF−FFM

ORDER SETTING SCHEDULING CONFERENCE

Monday, March 2, 2020 at 11:00 AM

**READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This case has been assigned to Judge Dale S. Fischer. This matter is set for a scheduling conference on the above date. If plaintiff has not already served the operative complaint on all defendants, plaintiff shall promptly do so and shall file proofs of service within three days thereafter. Defendants also shall timely serve and file their responsive pleadings and file proofs of service within three days thereafter. For record−keeping purposes, the Court will dismiss all remaining fictitiously−named defendants (i.e., those who have not been named) at the scheduling conference. The Court will also set a date by which motions to amend the pleadings or add parties must be heard.

The conference will be held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure (hereafter referred to as "Rule __"). The parties are reminded of their obligations under Rule 26(a)(1) to disclose information (without awaiting a discovery request), and under Rule 26(f) to confer on a discovery plan not later than 21 days before the scheduling conference and to file a "Joint Rule 26(f) Report" with the Court not later than 14 days after the conference. **Paper Chambers copies of the Joint Rule 26(f) Report must be delivered to Judge Fischer's box across from the Clerk's office on the fourth floor of the First Street Courthouse. Paper Chambers copies must be "blue–backed," with the title of the document on the lower right hand corner of the "blue–back," and must be "two–hole punched" at the top. Paper Chambers copies must be submitted no later than noon on the day after the e–filing. Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions.**

**The Court encourages counsel to agree to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.**

**This Court does not exempt parties appearing *in propria persona* from compliance with any of the Local Rules, including Local Rule 16. "Counsel," as used in this order, includes parties appearing *in propria persona*.**

### 1.   Joint Rule 26(f) Report

The Joint Rule 26(f) Report, which shall be filed **not later than 7 days** before the scheduling conference, shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates

a single report, regardless of how many separately–represented parties there are. The Joint Rule 26(f) Report shall specify the date of the scheduling conference on the caption page. It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

a. <u>Statement of the case</u>: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

b. <u>Subject matter jurisdiction</u>: a statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.

c. <u>Legal issues</u>: a brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

d. <u>Parties, evidence, etc.</u>: a list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

e. <u>Damages</u>: the realistic range of provable damages.

f. <u>Insurance</u>: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

g. <u>Motions</u>: a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

h. <u>Manual for Complex Litigation</u>: whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

i. <u>Status of Discovery</u>: a discussion of the present state of discovery, including a summary of completed discovery.

j. <u>Discovery Plan</u>: a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under

–3–

Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

k.    Discovery cut–off: a proposed discovery cut–off date. *N.B.* This means the final day for **completion of discovery**, including resolution of all discovery motions.

l.    Expert discovery: proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut–off under Rule 26(a)(2).

m.    Dispositive motions: description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

n.    Settlement/Alternative Dispute Resolution (ADR): a statement of what settlement discussions or written communications have occurred **(excluding any statement of the terms discussed)** and a statement selecting on of the three ADR Procedures specified in Local Rule 16–15.4 and indicating when the ADR session should occur.

NOTE: If counsel have received a Notice to Parties of Court–Directed ADR Program (form ADR–08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties expense). The parties may **not** choose a settlement conference before the magistrate judge. No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties, have appeared personally at an ADR proceeding.

o.    Trial estimate: a realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should

1    specify (by number, not by name) how many witnesses it

2    contemplates calling. If the time estimate for trial given in the Joint

3    Rule 26(f) Report exceeds four court days, counsel shall be prepared

4    to discuss in detail the estimate.

5    p.    <u>Trial counsel</u>: the name(s) of the attorney(s) who will try the case.

6    q.    <u>Independent Expert or Master</u>: whether this is a case where the Court

7    should consider appointing a master pursuant to Rule 53 or an

8    independent scientific expert. (The appointment of a master may be

9    especially appropriate if there are likely to be substantial discovery

10   disputes, numerous claims to be construed in connection with a

11   summary judgment motion, a lengthy Daubert hearing, a resolution

12   of a difficult computation of damages, etc.)

13   r.    <u>Timetable</u>: **complete the Schedule of Pretrial and Trial Dates form**

14   **attached as Exhibit A to this Order and attach it to the Joint Rule**

15   **26(f) Report**. The entries in the "Weeks Before Trial" column reflect

16   what the Court believes are appropriate for most cases and will allow

17   the Court to rule on potentially dispositive motions sufficiently in

18   advance of the pretrial conference. The form is designed to enable

19   counsel to ask the Court to set different (earlier) last dates by which

20   the key requirements must be completed. Counsel should take care to

21   leave sufficient time between the close of discovery and the last hearing

22   date for motions. Each side should write in the month, day, and year it

23   requests for each event. *E.g.*, for the expert discovery cut–off it might

24   "be "10/7/08" for plaintiff and 10/28/08" for defendant, if they cannot

25   agree. At the conference, the Court will review this form with counsel.

26   Each entry proposing Court dates shall fall on a Monday, except the trial

27   date, which is a Tuesday. Counsel should ensure that requested dates do

28   not fall on a holiday. In appropriate cases the Court will order different

dates after it hears counsel. The discovery cut–off date is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut–off date for motions is the last date on which motions may be **heard**, not filed. The Court is not likely to continue this date, and will not do so unless the trial date is also continued.

     s.    Other issues: a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non–English speaking witnesses, ADA–related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above–described information under section headings corresponding to those in this Order.

**2.**    **Scheduling Conference**

Scheduling conferences will be held in the First Street Courthouse, Courtroom 7D, 350 W. 1st Street. Counsel shall comply with the following:

     a.    Participation: The lead trial attorney **must** attend the scheduling conference, unless excused by the Court for good cause shown in advance of the scheduling conference. When seeking permission not to attend, lead counsel must identify the person who will appear by name and bar number, and specify that person's involvement in the case. The Court may choose to postpone the scheduling conference rather than to permit counsel other than lead counsel to attend. Local counsel may not appear at a scheduling conference in place of lead counsel. Counsel should not purport to be "co–lead" counsel as a

means of avoiding this requirement.

    b.    <u>Continuance</u>: A continuance of the scheduling conference will be granted only for good cause.

**3.    <u>Notice to be Provided by Counsel</u>**

Plaintiff's counsel or, if plaintiff is appearing *pro se*, defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**4.    <u>Disclosure to Clients</u>**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's trial order, which will contain the schedule that the Court sets at the scheduling conference.

**5.    <u>Court's Website</u>**

Copies of this and all other orders of this Court that may become applicable to this case are available on the Central District of California website, at www.cacd.uscourts.gov, under "Judge's Procedures and Schedules." Copies of the Local Rules are available on the website [1]

The Court thanks the parties and their counsel for their anticipated cooperation in complying with these requirements.

**<u>Caveat</u>: If counsel fail to file the required Joint Rule 26(f) Report, or the required pretrial documents, or if counsel fail to appear at the scheduling conference, the pretrial conference, or any other proceeding scheduled by the Court, and such failure is not satisfactorily explained to the Court: (a) the cause shall be dismissed for failure to prosecute, if such failure occurs on the**

*///*

---

[1]Local rules may also be purchased from one of the following:

| Los Angeles Daily Journal | West Publishing Co. | Metropolitan News |
|---|---|---|
| 915 East First Street | 50 West Kellogg Boulevard | 210 South Spring Street |
| Los Angeles, CA 90012 | St. Paul MN 55164–9979 | Los Angeles, CA 90012 |

1  **part of the plaintiff; (b) default (and thereafter default judgment) shall be**

2  **entered if such failure occurs on the part of the defendant; or (c) the Court**

3  **may take such other action as it deems appropriate.**

4

5  **IT IS SO ORDERED.**

6  DATED: October 21, 2019                    /s/ *Dale S. Fischer*

7                                             Dale S. Fischer
                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  revised 05–17

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:

CASE NO:

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court's Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___days) (**Tuesday**) | 8:30 am | | | | |
| For Court Trial<br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | | | |
| Pretrial Conference, LR 16;                    (Monday)<br>Hearing on Motions in Limine | 3:00 pm | 4 | | | |
| For Jury Trial<br>Lodge Pretrial Conference Order, LR 16–7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | | | |
| For Jury Trial<br>File Memo of Contentions of Fact and Law, LR 16–4;<br>Exhibit & Witness Lists, LR 16–5,6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine | | 7 | | | |
| Last date to conduct ADR Proceeding, LR 16–15 | | 12 | | | |
| Last day for **hearing** motions, LR 7            (Monday) | 1:30 pm | 14 | | | |
| Non–expert Discovery Cut–off | | 21+ | | | |
| Expert Disclosure (initial) | | | | | |
| Expert Disclosure (rebuttal) | | | | | |
| Expert Discovery Cut–off | | 21+ | | | |
| Last Date to Amend Pleadings or Add Parties | | | | | |
| | | | | | |

LR 16–15 ADR Choice:     ☐  1.  USMJ                    ☐  3.  Outside ADR

☐  2.  Attorney Settlement Panel

Exhibit A